## THE FIRST NATIONAL BANK OF GREAT BEND v. WILLIAM T. BANNISTER.

### No. 217.

1. NATIONAL BANKS—*Powers of, under Certain Conditions.*  Conditions may arise under which national banks may purchase wheat.

2. APPELLATE PRACTICE—*Contents of Record—Demurrer to Evidence.*  We cannot pass upon a demurrer to evidence unless the evidence is all contained in the record.  We can only pass upon matters contained in the record.

3. BILL OF PARTICULARS, *Examined.*  The allegations of the bill of particulars in this case do not sustain the amount of the judgment or the rate of interest inserted therein.

Error from Barton district court; ANSEL R. CLARK, judge.  Opinion filed August 19, 1898.  Modified.

*Swartz & Smith*, for plaintiff in error.
*Wm. Osmond*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.:  This action was commenced before a justice of the peace in Barton county, and appealed to the district court.

The defendant in error, Bannister, sought to recover a judgment against the bank for the purchase price of

422 bushels of wheat at the agreed price of fifty cents per bushel.

The bill of particulars alleges that the plaintiff below sold to the bank, at its special instance and request, certain wheat, and at its special instance and request delivered the wheat to one John W. Pascoe.

The bank, as defendant below, demurred to the plaintiff's bill of particulars and evidence. The court overruled both of said demurrers and found generally and specially for the plaintiff below, and rendered judgment against the plaintiff in error in the sum of $128.15, with ten per cent. interest from November 29, 1895, and it brings the case here for review.

Counsel for plaintiff in error argue that national banks are not authorized to buy and speculate in wheat. We answer, that if necessary to seed a farm that they have been compelled to purchase under an execution in their favor, and in order to protect a claim owing to the bank, or in any event where the purchase is necessary to protect the bank's interests, it can purchase wheat. The bill of particulars states a cause of action.

We must assume that the order of the court in overruling the demurrer to the evidence was correct for the reason that none of the evidence is in the record. It is argued that the special findings show sufficient facts to authorize us to pass upon the demurrer to the evidence. We cannot pass upon a demurrer to the evidence unless the evidence is all contained in the record.

Counsel for plaintiff in error also claims that there was a variance between the allegations of the bill of particulars and the evidence, and in his brief says : "It is necessary to go a little outside of the record, as the evidence is not in the record." We must answer

that we cannot follow the counsel outside of the record. We can only pass upon the matters contained in the record.

We find only one contention of the plaintiff in error that has merit. Counsel contends that under the allegations of the bill of particulars, there would be but $116.50 due on the day judgment was rendered, and that the judgment should draw but six per cent. interest. This is correct.

The judgment of the district court is ordered modified by inserting $116.50 instead of $128.15, and inserting six per cent. per annum instead of ten per cent. per annum. The costs in this court will be equally divided.